UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DECARLO MCGUIRE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-5659 |
| GULF STREAM COACH, INC., ET. AL. | SECTION "S" (4) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Joint Motion for More Definite Statement by Defendants Shaw Environmental, Inc. CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., Bechtel National, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 57) is **GRANTED**, and plaintiffs must file their amended complaint no later than 30 days after the date of entry of this Order;

**IT IS FURTHER ORDERED** that the Joint Motion for Partial Dismissal of Plaintiffs' Solidary Liability Claims Under Rule 12(b)(6) by Defendants Shaw Environmental, Inc., CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 59) is **GRANTED**, as it relates to non-intentional tortfeasors.

**IT IS FURTHER ORDERED** that the Joint Motion for Partial Dismissal of Plaintiffs' Fraud, Negligent Misrepresentation, and Conspiracy Claims Under Rule 9(h) By Defendants Shaw Environmental, CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 61) is **GRANTED**, without prejudice;

**IT IS FURTHER ORDERED** that Fleetwood Enterprises, Inc.'s Rule 12(b)(6) Motion for

Partial Dismissal (Rec. Doc. 65) is **GRANTED** as it relates to the claims against Fleetwood for solidary liability of non-intentional tortfeasors, negligence, intentional torts, and strict liability. Fleetwood's motion for dismissal of claims relating to fraud, conspiracy, and injunctive relief is **GRANTED**, without prejudice. Fleetwood's motion for dismissal of claims for medical monitoring and replacement of travel trailers is **DENIED**, subject to Fleetwood's ability to re-urge its motion if necessary after plaintiffs amend their complaint.

**IT IS FURTHER ORDERED** that Gulf Stream Coach, Inc.'s Motion to Dismiss for Improper Venue, Motion to Dismiss Under Rule 12(b)(6), and Alternatively, Joinder in Co-Defendants' Motions (Rec. Doc. 74) is **DENIED** as it relates to the claims of improper venue. Gulf Stream's joinder in co-defendants' motions for dismissal of plaintiffs' claims of solidary liability of non-intentional tortfeasors, negligence, intentional torts, and strict liability is **GRANTED**. Gulf Steam's motion for dismissal of claims relating to fraud, conspiracy, and injunctive relief is **GRANTED**, without prejudice. Gulf Steam's motion for dismissal of plaintiffs' claims for medical monitoring and replacement of travel trailers is **DENIED**, subject to its ability to re-urge it motion for dismissal if necessary after plaintiffs amend their complaint.

**IT IS FURTHER ORDERED** that Keta Group, L.L.C.'s Motion for More Definite Statement, Partial Dismissal of Plaintiffs' LPLA Claims Under Rule 12(b)(6), and Joinder in Co-defendants' Motions for Dismissal of Solidary Liability of non-intentional tortfeasors, Fraud, Negligent Misrepresentation, and Conspiracy Claims (Rec. Doc. 76) is **GRANTED**, the claims of fraud and conspiracy being dismissed without prejudice.

## BACKGROUND

In August of 2006, the plaintiffs (DeCarlo McGuire, Kevin Rodney, Dr. Marshall J.

2

Stevenson, and Linda Ward Stevenson) filed a petition in Civil District Court for the Parish of Orleans, State of Louisiana, alleging, among other things, that the defendants, (Gulf Stream Coach; Fairmont Homes, Inc.; Tom Stinnet Holiday RV Center, Inc.; Fleetwood Enterprises, Inc; Morgan Buildings and Spas, Inc.; Circle B Enterprises; Shaw Environmental, Inc.; CH2M Hill Constructors, Inc.; Fluor Enterprises, Inc.; Bechtel National, Inc.; Thompson Engineering; E.T.I. Inc; Keta Group, L.L.C.; and XYZ Insurance Companies) inspected, delivered, or provided to the plaintiffs Federal Emergency Management Agency ("FEMA") trailers that contained hazardous levels of formaldehyde. The plaintiffs further alleged that the defendants failed to inspect the trailers, failed to warn of the dangers of fomaldehyde, failed to design the travel trailers to have adequate ventilation, and failed to take action to address the health risks to plaintiffs. That same month, the defendants removed the case to this Court.

## DISCUSSION

A.  **Joint Motion for More Definite Statement by Defendants Shaw Environmental, Inc. CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., Bechtel National, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 57).**

Defendants, Shaw, CH2M, Fluor, Bechtel, and Morgan, argue that the plaintiffs' petition contains indistinguishable allegations and claims directed to all defendants, including delivery contractor defendants,[1] manufacturers of the FEMA trailers,[2] a FEMA site property manager,[3] and

---

[1] The delivery contractor defendants listed in plaintiffs complaint are Shaw, CH2M, Fluor, Bechtel, Morgan, Thompson Engineering, and E.T I. Bechtel and Thompson have been dismissed.

[2] The manufacturer defendants are Gulf Stream, Fairmont Homes, Inc., Tom Stinnett Holiday RV Center, Inc., Fleetwood Enterprises, Inc., and Circle B Enterprises, Inc. All such defendants but Gulf Stream and Fleetwood have been dismissed.

[3] Keta is the FEMA site property manager defendant.

insurers. The defendants argue that because plaintiffs have lumped all the defendants together without distinguishing their particular claims against each, Federal Rule of Civil Procedure 12(e) authorizes this Court to require a more definite statement from plaintiffs.

If a pleading fails to specify the allegations in a manner that provides sufficient notice, a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992 (2002).

Rule 12(e) states as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

In this case, plaintiffs have requested a reasonable time to amend their complaint in order to "detail the causes of action asserted against each category of defendants."[4] The motion for a more definite statement is granted, and the plaintiffs shall submit a revised complaint detailing with specificity the causes of action asserted against each defendant, no later than 30 days after the date of entry of this Order.

B.  **Joint Motion for Partial Dismissal Under Rule 12(b)(6) by Defendants Shaw Environmental, Inc., CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 59).**

Defendants, Shaw, CH2M, Fluor, and Morgan, move to dismiss plaintiffs' claim of solidary liability for non-intentional tortfeasors pursuant to Federal Rule of Civil Procedure 12(b)(6). The

---

[4]Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motions for More Definite Statement and Motion to Dismiss, at p. 7, ¶ 2.

defendants allege that the solidary liability claim for non-intentional tortfeasors is contrary to Louisiana Civil Code Article 2324 which states, in part:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
>
> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

The plaintiffs do not oppose dismissal without prejudice of their allegations that defendants are jointly and solidarily liable for plaintiffs' damages.[5] However, "[a]fter the 1996 tort revision legislation, Louisiana Civil Code Article 2324 provides that joint tortfeasors are liable only for the proportion of fault allocated to them by the trier of fact and are no longer in solido." William E. Crawford, 12 La. Civ. L. Treatise, Tort Law § 8.1. Accordingly, the defendants' motion for dismissal of the solidary liability claim as it relates to non-intentional tortfeasors is GRANTED.

C. **Joint Motion for Partial Dismissal Under Rule 9(h) By Defendants Shaw Environmental, CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 61).**

The defendants, Shaw Environmental, CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., and Morgan Buildings and Spas, Inc., request that this Court dismiss the plaintiffs' fraud, negligent misrepresentation, and conspiracy claims against them because plaintiffs have failed to plead their

---

[5] Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motions for More Definite Statement and Motion to Dismiss, at p. 5, ¶ 3.

claims with specificity.

Rule 9(b) requires that plaintiffs plead enough facts to illustrate "the 'who, what, when, where, and how' of the alleged fraud." *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir.2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997)).

Because plaintiffs have agreed to amend their complaint, and because leave to amend should be freely given, this Court will allow such amendment in order to give plaintiffs an opportunity to plead with particularity the "who, what, when, where, and how" allegations related to the alleged fraud, misrepresentation, and conspiracy claims against defendants. The motion for partial dismissal under Rule 9(b) is DENIED, without prejudice to defendants' ability to re-urge their motion for partial dismissal if the amended complaint fails to plead with specificity the allegations of fraud, misrepresentation, and conspiracy.

**D.     Fleetwood Enterprises, Inc.'s Rule 12(b)(6) Motion for Partial Dismissal (Rec. Doc. 65).**

Fleetwood requests that this Court dismiss certain claims, including claims of negligence, strict liability, intentional tort, joint and several liability, injunctive relief, medical monitoring, and provision of replacement of trailers.

Plaintiffs conceded that their claim for injunctive relief as set forth in their complaint is incomplete and ask to be allowed to refine that claim by filing a motion for preliminary junction down the line. The plaintiffs have also agreed to dismiss their claims of negligence, fraud, conspiracy, intentional torts, and strict liability claims against Fleetwood, and all other manufacturing defendants. Fleetwood's requested dismissal of plaintiffs' claims for medical monitoring and replacement of travel trailers is DENIED subject to Fleetwood's ability to re-urge

6

its motion if necessary after plaintiffs amend their complaint.

E.     **Gulf Stream Coach, Inc.'s Motion to Dismiss for Improper Venue, Motion to Dismiss Under Rule 12(b)(6), and Alternatively, Joinder in Co-Defendants' Motion (Rec. Doc. 74).**

Defendant Gulf Stream Coach, Inc., has moved for dismissal under Federal Rule of Civil Procedure 12(b)(3) based on improper venue.[6] Gulf Stream argues that the plaintiffs are bound by the identical, mandatory forum selection clauses contained in its (1) written limited warranty and (2) owner's manual. Those two documents contain identical warranties which include a forum selection clause that states:

> 6.     **JURISDICTION AND APPLICABLE LAW**
>
> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claims whatsoever arising, from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture.

Gulf Stream's State of Manufacture is Indiana. Therefore, in its motion to dismiss, Gulf Stream argues that any litigation by plaintiffs must be in that State. Both the limited warranty and the owner's manual contain the following language:

> I HEREBY ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THE ABOVE WARRANTY FOR GULF STREAM COACH PRIOR TO ENTERING INTO ANY CONTRACT TO PURCHASE MY GULF STREAM RECREATIONAL VEHICLE AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING, BUT NOT LIMITED TO, THE PROVISION HEREOF PROVIDING THAT

---

[6]To the extent that Gulf Stream has also requested additional relief by joining in the motions of other defendants, the dismissal of various claims asserted by other defendants is addressed elsewhere in this Order.

> THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS OF THE STATE OF MANUFACTURE AND THAT THE APPLICABLE LAW SHALL BE THE LAW OF THE STATE OF MANUFACTURE.

As noted by plaintiffs, both documents also state the following:

> USE OF THE RECREATIONAL VEHICLE FOR ANY COMMERCIAL OR RENTAL PURPOSE VOIDS THE WARRANTY FROM THE TIME THAT THE VEHICLE IS FIRST USED FOR A COMMERCIAL OR RENTAL PURPOSE AND AT ALL TIMES THEREAFTER.

Gulf Stream argues that although the plaintiffs did not deal directly with Gulf Stream, the plaintiffs are bound by those terms under the theory of direct-benefit estoppel.[7] Gulf Stream further asserts that plaintiffs cannot avail themselves of the limited warranty agreement but then not be bound by its terms.

The parties in this case do not dispute that FEMA purchased the trailers from Gulf Stream. The plaintiffs then received the trailers directly from FEMA and executed a lease with FEMA for the use of the trailers. Under the facts presented in this motion, there is no indication that the forum selection provision was ever accepted by the purchaser —FEMA, so it is unnecessary to analyze whether any obligation to be bound by the forum selection clause was ever transferred to the plaintiffs.

Gulf Stream presents no evidence or argument to establish that the forum selection provisions

---

[7] The Fifth Circuit in *Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464 F. 3d 514, 517 (5th Cir. 2006), found that direct-benefit estoppel was one of six theories under which a nonsignatory could be bound to a forum selection clause. The other five theories include: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) third-party beneficiary. *Id.* Direct-benefit estoppel applies when a nonsignatory during the life of the contract embraces the contract despite their nonsignatory status but then, attempts to repudiate a portion of the contract.

of the unsigned warranty documents were binding on FEMA. Gulf Stream argues that the FEMA lease signed by plaintiffs somehow binds plaintiffs to the unsigned forum selection clauses. The relevant provision of the FEMA lease states:

> It is understood and agreed that the premises leased herein are provided under emergency conditions as disaster relief with the assistance of the United States of America and that the use and occupancy of the leased premises will, in addition to the terms and conditions set forth, be governed by rules, regulations, decisions, and emergency authority of the United States of America acting by and through the Federal Emergency Management Agency or its managing authority.

Gulf Stream has provided this Court with unsigned warranty documents,[8] but it has not attached any documents executed between the United States and Gulf Stream which contain any reference or recognition of the express warranty documents or any theory of how the forum selection clause may have become effective.[9]

Gulf Steam's allegations that the FEMA lease somehow binds the plaintiffs to the unsigned

---

[8] Gulf Stream attached to its reply memorandum an affidavit of Daniel Shea stating that Michael Wagner of the Department of Homeland Security, FEMA insisted that the warranty be part of the sale. This does not change the fact that the warranty is unsigned and there is nothing before the Court which demonstrates that the forum selection clause was incorporated by reference into any purchase agreement between Gulf Stream and the United States.

[9] In each of the cases cited by Gulf Stream, there was no doubt that the purchasers executed the limited warranty document. In *Rimes v. Gulf Stream Coach, Inc.*, Civ. A. 06-399, at p. 3 (W.D. Penn. June 7, 2006), the district court upheld the same forum selection clause and referenced "the limited warranty executed by plaintiff." In *Bray v. Gulf Stream Coach, Inc.*, 2006 WL 1280925, at *1 (D. Ore. May 6, 2006) (Coffin, Magistrate J.), the court enforced the forum selection clause, but before doing so, acknowledged that the plaintiff entered into the limited warranty agreement by signing the document. In *Garrett v. Reese Products, Inc.*, Civ.A. 01-1949, p. 2 (N.D. Ala. Oct. 23, 2001), before granting Gulf Stream's motion to dismiss for improper venue, the court acknowledged that the plaintiff signed Gulf Stream's limited warranty. In *Daley v. Gulf Stream Coach, Inc.*, 2000 WL 33710836, at *1, (D. Utah. Mar. 3, 2000), the court analyzed the forum selection clause and transferred the case due to improper venue where it found that the plaintiffs had signed the limited warranty agreement.

limited warranty containing a forum selection clause falls short of establishing a binding forum selection clause between Gulf Stream and FEMA, much less Gulf Stream and plaintiffs. Moreover, because the trailers are being leased to plaintiffs and because the express warranty (which contains the forum selection clause) is void once the trailer is rented, it appears that Gulf Stream is relying on the terms of the warranty which is void on its face. Therefore, the motion to dismiss for improper venue is DENIED.

F.  **Keta Group, L.L.C.'s Motion for More Definite Statement, Partial Dismissal Under Rule 12(b)(6), and Joinder in Co-Defendants' Motions (Rec. Doc. 76).**

Keta Group, L.L.C. moves this Court to order plaintiffs to provide a more definite statement. As stated above, the plaintiffs have agreed to amend their complaint to detail the causes of action asserted against each category of defendants, including Keta. Therefore, Keta's motion for a more definite statement is granted. Plaintiffs must amend their pleadings against Keta no later than 30 days from the date of entry of this Order.

Additionally, Keta requests that this Court dismiss plaintiffs' claims against it under the Louisiana Products Liability Act ("LPLA"). The LPLA applies to manufactures only and is inapplicable to property site managers such as Keta. Therefore, plaintiffs' LPLA claims against Keta are dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion for More Definite Statement by Defendants Shaw Environmental, Inc. CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., Bechtel National, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 57) is **GRANTED**, and plaintiffs must file their amended complaint no later than 30 days after the date of entry of this Order;

**IT IS FURTHER ORDERED** that the Joint Motion for Partial Dismissal of Plaintiffs' Solidary Liability Claims Under Rule 12(b)(6) by Defendants Shaw Environmental, Inc., CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 59) is **GRANTED**, as it relates to non-intentional tortfeasors.

**IT IS FURTHER ORDERED** that the Joint Motion for Partial Dismissal of Plaintiffs' Fraud, Negligent Misrepresentation, and Conspiracy Claims Under Rule 9(h) By Defendants Shaw Environmental, CH2M Hill Constructors, Inc, Fluor Enterprises, Inc., and Morgan Buildings and Spas, Inc. (Rec. Doc. 61) is **GRANTED**, without prejudice;

**IT IS FURTHER ORDERED** that Fleetwood Enterprises, Inc.'s Rule 12(b)(6) Motion for Partial Dismissal (Rec. Doc. 65) is **GRANTED** as it relates to the claims against Fleetwood for solidary liability of non-intentional tortfeasors, negligence, intentional torts, and strict liability. Fleetwood's motion for dismissal of claims relating to fraud, conspiracy, and injunctive relief is **GRANTED**, without prejudice. Fleetwood's motion for dismissal of claims for medical monitoring and replacement of travel trailers is **DENIED**, subject to Fleetwood's ability to re-urge its motion if necessary after plaintiffs amend their complaint.

**IT IS FURTHER ORDERED** that Gulf Stream Coach, Inc.'s Motion to Dismiss for Improper Venue, Motion to Dismiss Under Rule 12(b)(6), and Alternatively, Joinder in Co-Defendants' Motions (Rec. Doc. 74) is **DENIED** as it relates to the claims of improper venue. Gulf Stream's joinder in co-defendants' motions for dismissal of plaintiffs' claims of solidary liability of non-intentional tortfeasors, negligence, intentional torts, and strict liability is **GRANTED**. Gulf Steam's motion for dismissal of claims relating to fraud, conspiracy, and injunctive relief is **GRANTED**, without prejudice. Gulf Steam's motion for dismissal of plaintiffs' claims for medical

11

monitoring and replacement of travel trailers is **DENIED**, subject to its ability to re-urge it motion for dismissal if necessary after plaintiffs amend their complaint.

**IT IS FURTHER ORDERED** that Keta Group, L.L.C.'s Motion for More Definite Statement, Partial Dismissal of Plaintiffs' LPLA Claims Under Rule 12(b)(6), and Joinder in Co-defendants' Motions for Dismissal of Solidary Liability of non-intentional tortfeasors, Fraud, Negligent Misrepresentation, and Conspiracy Claims (Rec. Doc. 76) is **GRANTED**, the claims of fraud and conspiracy being dismissed without prejudice.

New Orleans, Louisiana, this __28__ day of February, 2007.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE