UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DECARLO MCGUIRE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5659** |
| **GULF STREAM COACH, INC., ET. AL.** | **SECTION "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** defendants' motions to dismiss (Rec. Docs. 114, 116, 118, & 122) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for extension of time is **DENIED** (Rec. Doc. 123)

### BACKGROUND

The background of this case is more fully set forth in this Court's Order dated February 29, 2007 (Rec. Doc. 121). On February 23, 2007, defendant Gulf Stream Coach , Inc. ("Gulf Stream") filed a motion to dismiss plaintiffs' class-action claims, arguing that plaintiffs did not move for class certification within the 90-day time frame of Local Rule 23.1 (Rec. Doc. 114).[1] Defendants Fleetwood Enterprises, Inc., Fluor Enterprises, Inc., Shaw Environmental, Inc., CH2M Hill Constructors, Inc., and Keta Group, L.L.C. joined in Gulf Stream's motion to dismiss. (Rec. Docs. 116, 118 & 122). In response, plaintiffs filed a motion for extension of time to file for class

---

[1]

certification. (Rec. Doc. 123). These motions are now before the Court.

## DISCUSSION

**Class certification**

Defendants argue that plaintiffs' class-action claims must be dismissed because plaintiffs did not request class certification within 90 days as required by Local Rule 23.1.[2] Plaintiffs filed a motion for extension of time to file for class certification, alleging that this Court can extend the time for good cause shown if the failure to act timely was a result of excusable neglect.

Local Rule 23.1(B) states:

> Within 90 days after the filing of a complaint in a class action, unless this period is extended for good cause appearing, the plaintiff shall move for certification under FRCvP 23(c)(1), as to whether the case is to be maintained as a class action.

Plaintiffs filed their class-action petition in state court on August 4, 2006, and the defendants removed the case to this Court on August 31, 2006.[3] The plaintiffs did not request class certification or an extension of time until March 15, 2007, almost seven months after removal. When confronted with the timeliness issue during oral argument, plaintiffs' counsel admitted that he could have filed the motion for class certification within the 90-day period or he could have requested an extension of time to do so.

Other cases in this district, when faced with a plaintiff's noncompliance with the local rule for class certification, have dismissed the class action allegations. *Dickerson v. City of Gretna,* No. 05-6667, 2007 1098787, at * 3 (E.D. La. Mar. 30, 2007); *Lauer v. Chamele Cover*, No. 06-1423,

---

[2]Federal Rule of Civil Procedure 23(c)(1)(A) provides that class action determination must be done "at an early practicable time."

[3]Rec. Doc. 1.

2007 WL 203974, at * 1 (E.D.La. Jan. 24, 2007); *Williamson v. Swiss Reinsurance America Corp, L.*, No. 03-1089, 2003 WL 22326518, at *1 (E.D.La. Oct. 8, 2003); *Stewart v. Project Consulting Services, Inc.*, No. 99-3595, 2001 WL 1000732, at *2 (E.D.La. Aug. 29, 2001); *Cook v. Illinois Central R.R. Co.*, No. 93-3967, 1995 WL 110621, at *1 (E.D.La. Mar. 13, 1995).

This Court finds that plaintiffs' class-action allegations must be dismissed.

## CONCLUSION

Defendants' motions to dismiss plaintiffs' class-action claims are **GRANTED,** and plaintiffs' motion for extension of time is **DENIED.**

New Orleans, Louisiana, this __20th__ day of April, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**